REED *v.* BILLINGSLEA.

5-1004                                    291 S. W. 2d 497

Opinion delivered June 18, 1956.

*Max M. Smith,* for appellant.

*George Howard, Jr.,* for appellee.

SAM ROBINSON, Associate Justice. The question here is whether the appellant, Willie Cora Lee Hudson Reed, is the heir of Ollie Hudson, who died intestate on the first day of July, 1955, while a resident of Jefferson County. The chancellor held against heirship.

It is established by the evidence that appellant is the illegitimate daughter of Hudson. While living in Milwaukee, Wisconsin in June 1944, appellant desired to obtain a government job, and, to do so, it was necessary that she have a birth certificate; she wrote to her father

in Pine Bluff, asking that he obtain and send to her such a certificate. Hudson complied with her request, and the certificate states that he is the father of appellant; he signed it before a notary public. This birth certificate is the basis of appellant's claim that she is the heir of her father, Ollie Hudson, although she is an illegitimate daughter.

An Act of the General Assembly of 1853, Ark. Stats. § 61-301-302, provides: (1) "In all cases hereafter, when any person may desire to make a person or persons his or her heirs at law, it shall be lawful to [do] so by a declaration in writing in favor of such person or persons, to be acknowledged before any judge, justice of the peace, clerk of any court, or before any court of record in this State." (2) "Before said declaration shall be of any force or effect, it shall be recorded in the county where the said declarant may reside, or in the county where the person in whose favor such declaration is made, may reside."

Since it is clear that appellant cannot prevail because the birth certificate shows no intent on the part of Hudson to make her his heir, it is unnecessary to discuss other points.

Application of the statute is not limited to situations where a person desires to make an illegitimate child his heir, but applies to any one that a person may desire to make his heir. The title of the act, as appearing in the Acts of 1852-4-6-8, page 207, is as follows: "An act to authorize and prescribe the manner by which persons in this State may adopt illegitimate children and others, and make them their Heirs at Law." Thus, according to the act, a person may make any one his heir. But, a mere acknowledgment in writing by one person that another person is his illegitimate son or daughter is not sufficient under the statute to make such illegitimate person an heir of a father recognizing him as a son or daughter. The statute provides: "When any person may desire to make a person or persons his or her heirs at law, it shall be lawful to [do] so by a declaration in writing in favor of such person or persons."

Certainly, under this statute, nothing less than a declaration clearly stating that one wishes to make another his heir will suffice. Here, Hudson does not indicate in any manner that he wished to make appellant his heir. He merely procured for her a birth certificate, at her request. This cannot be said to be a declaration in writing to the effect that he wanted to make her his heir.

Affirmed.